**Carlos PEREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–98–00034–CR.**

Court of Appeals of Texas, Dallas.

March 23, 1999.

John G. Tatum, Dallas, for Appellant.

Lorraine A. Raggio, Asst. Dist. Atty., Dallas, for State.

Before Justices LAGARDE, OVARD, and JAMES.

### OPINION

TOM JAMES, Justice.

After voluntarily, knowingly, and intelligently waiving his right to appeal in writing, Carlos Perez now attempts to appeal his murder conviction, following his negotiated guilty plea. The trial judge accepted appellant's plea, found appellant guilty of murder, followed the plea bargain agreement, and sentenced appellant to thirty years' confinement. After sentencing, appellant voluntarily, knowingly, and intelligently waived his right to appeal in writing. Thereafter, appellant filed a motion for new trial. The trial judge, after a hearing, denied the motion. Appellant filed a general notice of appeal and now complains that his guilty plea was involuntary. For reasons that follow, we dismiss the appeal for want of jurisdiction.

Except for statutory limitations on the waiver of a jury trial by capital felony defendants, a criminal defendant may waive

any right secured him by law, including his right to appeal. *See* TEX.CODE CRIM. PROC. ANN. art. 1.14 (Vernon Supp.1999); *Faulder v. Hill,* 612 S.W.2d.512, 514 (Tex.Crim.App. 1980); *Riley v. State,* 963 S.W.2d 932, 933 (Tex.App.—Austin 1998, pet. ref'd); *Smith v. State,* 858 S.W.2d 609, 611 (Tex.App.—Amarillo 1993, pet. ref'd). A knowing and intelligent waiver of the right to appeal made after sentencing operates to prevent a defendant from appealing without consent of the trial court absent a showing of coercion or involuntariness. *Ex parte Tabor,* 565 S.W.2d 945, 946 (Tex.Crim.App.1978).

■ Appellant does not claim that his waiver of appeal was either coerced or involuntary. The trial court advised appellant of his right to appeal, asked appellant if he understood that right, and if he meant to waive his right to appeal. Appellant told the court he did intend to waive his right to appeal. The record also reflects that after both the trial court and appellant's counsel had advised appellant of his substantive right to appeal, as well as other rights attendant thereto, appellant voluntarily, knowingly, and intelligently waived his right to appeal. Appellant's attorney acknowledged in writing that he had consulted with appellant concerning his rights and that he concurred in appellant's waiver of appeal. The trial judge accepted appellant's waiver and ordered it filed of record in the case, acknowledging by her signature that it clearly appeared to her that appellant voluntarily, knowingly, and intelligently waived his right to appeal and that he understood the consequences of such waiver. Because appellant voluntarily, knowingly, and intelligently waived his right to appeal, he was prevented from appealing without the trial court's permission. *See id.* at 946. The record affirmatively reflects that the trial court did not give permission to appeal.

Because appellant knowingly and intelligently waived his right to appeal, and because he does not claim that his waiver of that right was either coerced or involuntary, and the trial court denied its permission to appeal, appellant's notice of appeal was ineffective to initiate the appellate process. *See id.* (denying habeas relief for bail pending appeal to appellant who had waived his right

to appeal and whose notice of appeal the trial court found ineffective to initiate the appellate process). Because we do not have jurisdiction, we dismiss the appeal for want of jurisdiction.