**Quinton Lamont GILES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–01–00090–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 26, 2001.

Gordon White, Jr., Richmond, for Appellant.

John H. Harrity, III, Shelly Dawn Strimple, Assistant District Attorneys, Fort Bend County, Richmond, for State.

Panel consists of Justices MIRABAL, JENNINGS, and DUGGAN.*

---

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas   at Houston, participating by assignment.

## OPINION

JENNINGS, Justice.

█ Appellant was convicted by a jury of aggravated assault, and assessed punishment at five years in prison. Appellant's counsel filed a timely motion for new trial and notice of appeal. Forty-six days after the motion for new trial and notice of appeal were filed, appellant signed under oath a document entitled "Defendant's Waiver of Appeal," the text of which reads as follows:

> Comes now the Defendant Quinton Lamont Giles, defendant in the above styled and numbered cause, following a jury's verdict of guilty to the charge of aggravated assault and assessment of punishment by the jury at five (5) years in the Texas Department of Criminal Justice having been admonished of my right to appeal, specifically, the right to have heard the Motion for New Trial filed on my behalf and the right to appeal this case to the Court of Appeals waive all rights to appeal said conviction and sentence in exchange for the State's agreement to dismiss cause numbers 30791, 34001, 34004 and 34013. I have reviewed the Motion for New Trial with my attorney and understand that by signing this waiver I will be prohibited from raising the issues addressed in said motion and any other grounds I may wish to use to overturn my conviction and sentence. Additionally, I understand that by signing this waiver I am waiving the right to complain of any issue on a post conviction writ. I have been appointed Gordon M. White to represent me on appeal and I have been advised of the right to have a transcript provided free of charge. I understand that I am giving up these rights by signing this waiver of appeal.

Beneath appellant's sworn signature on this document is the following statement that was signed by appellant's counsel:

> I, counsel for defendant at trial and on appeal, have explained to the Defendant his rights with regard to appeal of this case prior to his waiver fo [sic] those rights. I believe this document was knowingly and voluntarily executed by the Defendant.

We hold that the appeal must be dismissed.

█ A defendant in a non-capital case "may waive any rights secured him by law." *Blanco v. State,* 18 S.W.3d 218, 219 (Tex.Crim.App.2000); TEX.CODE CRIM. PROC. ANN. art. 1.14(a) (Vernon Supp.2001). A waiver of the right to appeal made after sentencing is binding and will prevent a defendant from appealing without the trial court's consent.[1] *Ex parte Tabor,* 565 S.W.2d 945, 946 (Tex.Crim.App.1978); *Reyna v. State,* 993 S.W.2d 142, 144 (Tex. App.—San Antonio 1999, pet. ref'd); *Perez v. State,* 989 S.W.2d 427, 428 (Tex.App.— Dallas 1999, no pet.); *Clayburn v. State,* 985 S.W.2d 624, 625 (Tex.App.—Waco 1999, no pet.).

Appellant's written sworn waiver of the right to appeal was made, not only after sentencing, but after his motion for new trial and notice of appeal had been filed. The waiver was also signed by the same attorney who represented appellant at the jury trial and who filed the motion for new trial and notice of appeal on appellant's behalf. In counsel's signed statement, he expressed his belief that appellant executed the waiver knowingly and voluntarily after counsel explained to appellant his right to appeal. Nothing has been filed indicating the State did not comply with its part of the plea agreement.

---

1. This Court recently held that a pre-sentencing waiver of the right to appeal was valid and enforceable in a plea-bargained case in which the trial court followed the plea agreement. *See Buck v. State,* 45 S.W.3d 275, 278 (Tex.App.—Houston [1st Dist.] 2001, no pet.).

In light of the documents filed in this Court, we hold that appellant's waiver of the right to appeal was voluntarily, knowingly, and intelligently made. Accordingly, we order the appeal dismissed.