NO. 07-02-0205-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 10, 2002

_____


LUPE MANUEL MEDELLIN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 64TH DISTRICT COURT OF SWISHER COUNTY;

NO. A3673-0201; HONORABLE JACK R. MILLER, JUDGE

_____


**DISMISSAL**


Before REAVIS and JOHNSON, JJ. and BOYD, S.J.[*]

Pursuant to a plea of guilty, appellant Lupe Manuel Medellin was convicted of

indecency with a child and punishment was assessed at ten years confinement. Although

_____

[*]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

represented by appointed counsel at trial, counsel corresponded with appellant notifying him that pursuant to his guilty plea, he could only appeal with permission of the trial court and suggested that he file a *pro se* notice of appeal. Appellant, proceeding *pro se*, timely perfected his appeal. However, after the appellate record was filed and the deadline lapsed for filing a brief, appellant was notified of the defect but did not respond. On August 20, 2002, the appeal was abated and the cause remanded to the trial court pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure to determine whether appellant desired to prosecute the appeal and whether he was indigent and entitled to appointed counsel.

The trial court issued a bench warrant to have appellant transported from the Ware Unit at Colorado City, Texas to the Swisher County Jail for purposes of the abatement hearing. On September 12, 2002, as directed by this Court, the trial court conducted a hearing and appellant testified as follows:

> Q. And it is my understanding that after thinking about it and thinking about the range of punishment and everything, it is now your desire not to file any type of appeal; to withdraw your request of appeal from the Court of Appeals and to go ahead and go on [sic] serve your 10 year sentence; is that correct?
>
> A. Yes, sir.
>
> Q. And has anybody forced you into doing this, coerced you, or promised you anything to do this?
>
> A. No, sir.
>
> Q. Are you doing this of your own free will and accord?
>
> A. Yes.

2

Q. So are you requesting that the Judge enter an order saying that you are withdrawing your pro se appeal; and also, you understand that you will be immediately placed back in the Texas Department of Criminal Justice?

A. Yes, sir.

Q. Do you have anything else that you want to tell the Judge?

A. No, sir.

Following his testimony, the trial court announced its finding that appellant:

> is now withdrawing, officially, his notice of appeal and we'll be preparing a transcript of this hearing and he will be remanded to the custody of the TDC to serve out the remainder of his sentence.

On September 25, 2002, the trial court signed written findings of fact and conclusions of law, finding, among other things:

- appellant had the opportunity to discuss with his attorney the ramifications and consequences of a successful appeal;
- appellant does not wish to pursue his appeal;
- appellant desired to withdraw his Notice of Appeal and serve his ten-year sentence; and
- appellant freely and voluntarily, without coercion or promises, made the decision to not pursue an appeal.

After the trial court held a hearing and made its findings, appellant wrote letters to the trial court indicating he had withdrawn his notice of appeal due to pressure and had changed his mind and wished to pursue the appeal. A similar letter was filed with the Clerk of this Court in which he asserted he was not withdrawing his appeal. The State filed

3

a response urging that we not consider the letters because they were not evidence resulting from the abatement hearing.

In Smith v. State, 858 S.W.2d 609, 611 (Tex.App.–Amarillo 1993, pet. ref'd), we held that a defendant may waive the right to appeal and that a knowing and intelligent waiver of the right to appeal will prevent a defendant from appealing without the consent of the trial court. *See also* Perez v. State, 989 S.W.2d 427, 428 (Tex.App.–Dallas 1999, no pet.). The record of the abatement hearing supports appellant's knowing and intelligent withdrawal of his notice of appeal and does not show any coercion. Accordingly, pursuant to the trial court's findings of fact and conclusions of law, which we may not disregard if supported by the record, the appeal is dismissed.

Don H. Reavis
Justice

Do not publish.

4