Opinion issued October 13, 2005




















In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00972-CR




SON GENO CLARK, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 10th District Court
Galveston County, Texas
Trial Court Cause No. 03CR3197




MEMORANDUM OPINION


          A jury convicted appellant, Son Geno Clark, of murder, and the trial court
sentenced him to 50 years’ confinement. After sentencing, appellant waived his right
to appeal. 
          In three issues, appellant contends that he did not knowingly, intelligently, and
voluntarily waive his right to appeal and challenges the legal and factual sufficiency
of his conviction. 
          We dismiss.
BACKGROUND
          Appellant was convicted of murdering Jonathan Lemons by shooting him with
a handgun on the steps of an apartment complex in Galveston. After sentencing, on
June 17, 2004, the record reflects the following dialogue:
          THE COURT:                 Now, [appellant], I want to advise you that you have
the right of appeal in this case as this was not a plea
bargain case and I’m advising you that you have the
right of appeal in this case. [sic] I’ve been handed a
trial certification in which you are waiving your
right of appeal; is that correct?
          [Appellant]:                     Yes.
          THE COURT:                 All right. You understand that you have the right of
appeal?
          [Appellant]:                     Yes, sir.
          THE COURT:                 And you talked about that with both attorneys?
          [Appellant]:                     Yes, sir.
          THE COURT:                 And it is your, you [sic] knowingly and voluntarily
are waiving your right of appeal in this case?
          [Appellant]:                     Yes, Your Honor.
          THE COURT:                 All right. With that, even though it’s not required
since counsel has signed it, I still request that he
[appellant] sign this waiver too. Hand it to him,
[defense counsel]. Have your client sign it that that
is his desire? [sic]
                                                   (Whereupon, the Defendant signed the waiver form.)

          The clerk’s record indicates that the trial court signed a Certification of
Defendant’s Right of Appeal, stating that “the defendant has waived his right of
appeal” and such was signed by appellant and his counsel. 
          On July 16, 2004, appellant filed a pro se notice of appeal and requested
appointment of counsel. Appellant’s counsel filed a motion in this Court requesting
abatement of the appeal, asserting that the “trial court’s certification of appellant’s
right to appeal is inconsistent with the record because it indicates that appellant
waived the right to appeal.” On November 4, 2004, this Court entered an order
directing the trial court to file an amended certification. In the order, this Court stated
that it would “examine the entire record after the reporter’s record has been filed to
determine whether it supports the certification.” 
          The trial court’s Amended Certification of Defendant’s Right of Appeal states
that this “is not a plea bargain case, and the defendant WAIVED the right of appeal
on 6-17-04.” The State has moved to dismiss this case and this Court has ordered
such motion to be taken with the case.
Waiver of right to appeal
          In his first issue, appellant contends that his “waiver of appeal was not
knowing and voluntary under the circumstances.” Specifically, appellant argues that
he was “laboring under the obvious shock” from hearing his sentence and that he “did
not fully appreciate or understand the gravity” of waiving appeal. 
          A defendant in a non-capital felony case may waive any right secured to him
by law. Tex. Code Crim. Proc. Ann. art. 1.14(a) (Vernon 2005); Monreal v. State,
99 S.W.3d 615, 617 (Tex. Crim. App. 2003); Giles v. State, 53 S.W.3d 718, 719 (Tex.
App.—Houston [1st Dist.] 2001, no pet.). A waiver is valid if it was made
voluntarily, knowingly, and intelligently. Monreal, 99 S.W.3d at 617; Iles v. State,
127 S.W.3d 347, 349 (Tex. App.—Houston [1st Dist.] 2004, no pet.). A valid waiver
of appeal, whether negotiated or non-negotiated, made after sentencing, prevents a
defendant from appealing without the consent of the trial court. Monreal, 99 S.W.3d
at 622. 
          Here, the record reflects that appellant stated at trial that he “knowingly and
voluntarily” chose to waive his right to appeal. His waiver was made after sentencing
and in conjunction with admonishments by the trial court concerning his rights. In
addition, both appellant and his counsel signed the certification form stating that “the
defendant has waived the right of appeal.” There is nothing in the record to expressly
contradict the validity of the waiver.



          Once a valid waiver is executed, appellant may not unilaterally withdraw the
waiver and seek appeal. See id. at 615 (refusing to find that “a defendant can simply
ignore a waiver of the right to appeal and go straight to a court of appeals without
seeking the permission of the trial court”). The rules of appellate procedure provide
that, in criminal cases, “[t]he trial court shall enter a certification of the defendant’s
right to appeal in every case in which it enters a judgment of guilt or other appealable
order.” Tex. R. App. P. 25.2(a)(2). Here, neither the reporter’s nor the clerk’s records
indicate any permission to appeal by the trial court; rather, both the certification and
the amended certification from the trial court state that appellant waived his right to
appeal in this case. 
          We hold that appellant’s waiver of the right to appeal was entered into 
voluntarily, knowingly, and intelligently, and that the trial court did not consent to the
appeal. See Iles, 127 S.W.3d at 350. 
 
CONCLUSION
          Because appellant signed a valid waiver of appeal and did not receive the trial
court’s permission to appeal, we grant the State’s motion to dismiss the appeal. Tex.
R. App. P. 25.2(d); 43.2(f). Having dismissed the appeal under Rule 25.2(d), we do
not reach any substantive issues that appellant may have raised. 

 

                                                                        Laura Carter Higley
                                                                        Justice


Panel consists of Justices Taft, Alcala, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).