NO. 07-07-0387-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



SEPTEMBER 25, 2007


______________________________




ANNMARIE ADKINS, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee


_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 51,543-E; HON. RICHARD DAMBOLD, PRESIDING


_______________________________


 

Abatement and Remand


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Annmarie Adkins (appellant), acting pro se, perfected appeal from her conviction
for engaging in organized criminal activity. In response to notice from this court that no
docketing statement had been filed, appellant advised the court that she desired to
prosecute her appeal but requested "some assistance" to do so. Furthermore, appellant
advised that she had been unable to contact trial counsel in assisting her with the appeal. 
The record has not been filed, and is not due until on or about November 5, 2007.

 Accordingly, we now abate this appeal and remand the cause to the 108th District
Court of Potter County (trial court) for further proceedings. Upon remand, the trial court
shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing
to determine the following:

 1. whether appellant desires to continue to prosecute this appeal; 

 

 2. whether retained trial counsel, Eric Coats, will continue to represent
appellant on appeal; and, 


 3. if not, whether appellant is indigent and entitled to the appointment of
counsel and the preparation of a free clerk's record and court reporter's
record.


The trial court shall cause the hearing to be transcribed. Should it be determined that
appellant is entitled to appointed counsel and does not have counsel, the trial court shall
appoint counsel to prosecute this appeal. The trial court shall also execute findings of fact
and conclusions of law addressing the aforementioned issues, and cause same to be
included in a supplemental clerk's record. Also to be included in the findings is the name,
address, state bar number, telephone and telefax number of appellant's counsel, should
one be appointed by the trial court. Finally, the trial court shall file the supplemental clerk's
record and the transcription of the hearing with the Clerk of this Court on or before October
25, 2007. Should additional time be needed to perform these tasks, the district court may
request same on or before October 25, 2007. 

 Per Curiam

Do not publish.



es, sir. 

 Q. And has anybody forced you into doing this, coerced you, or promised
you anything to do this?

 A. No, sir.

 Q. Are you doing this of your own free will and accord?

 A. Yes. 

 Q. So are you requesting that the Judge enter an order saying that you are
withdrawing your pro se appeal; and also, you understand that you will be
immediately placed back in the Texas Department of Criminal Justice?

 A. Yes, sir. 

 Q. Do you have anything else that you want to tell the Judge?

 A. No, sir. 


Following his testimony, the trial court announced its finding that appellant:

 is now withdrawing, officially, his notice of appeal and we'll be preparing a
transcript of this hearing and he will be remanded to the custody of the TDC
to serve out the remainder of his sentence. 


On September 25, 2002, the trial court signed written findings of fact and conclusions of
law, finding, among other things: 

 appellant had the opportunity to discuss with his attorney the
ramifications and consequences of a successful appeal;
 appellant does not wish to pursue his appeal;
 appellant desired to withdraw his Notice of Appeal and serve his ten-
year sentence; and
 appellant freely and voluntarily, without coercion or promises, made
the decision to not pursue an appeal.



 After the trial court held a hearing and made its findings, appellant wrote letters to
the trial court indicating he had withdrawn his notice of appeal due to pressure and had
changed his mind and wished to pursue the appeal. A similar letter was filed with the
Clerk of this Court in which he asserted he was not withdrawing his appeal. The State filed
a response urging that we not consider the letters because they were not evidence
resulting from the abatement hearing.

 In Smith v. State, 858 S.W.2d 609, 611 (Tex.App.-Amarillo 1993, pet. ref'd), we
held that a defendant may waive the right to appeal and that a knowing and intelligent
waiver of the right to appeal will prevent a defendant from appealing without the consent
of the trial court. See also Perez v. State, 989 S.W.2d 427, 428 (Tex.App.-Dallas 1999, 
no pet.). The record of the abatement hearing supports appellant's knowing and intelligent
withdrawal of his notice of appeal and does not show any coercion. Accordingly, pursuant
to the trial court's findings of fact and conclusions of law, which we may not disregard if
supported by the record, the appeal is dismissed.


 Don H. Reavis

 Justice

 


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.