**Erick Leon BRADLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–00–01294–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 28, 2003.

Tony Aninao, Houston, for Appellant.

Calvin Hartmann, Assistant District Attorney, Houston, for Appellee.

Panel consists of Justices TAFT, JENNINGS and HANKS.

## OPINION ON REMAND

TIM TAFT, Justice.

Appellant, Erick Leon Bradley, pleaded no contest to the charge of engaging in organized criminal activity after the trial court denied his pre-trial motion to quash the indictment. *See* TEX. PEN.CODE ANN. § 71.02 (Vernon 2003). The trial court found appellant guilty and, in accordance with a plea agreement, assessed punishment at eight years in prison. This Court

originally dismissed appellant's appeal for lack of jurisdiction.[1] The Texas Court of Criminal Appeals reversed this Court's judgment and remanded the case to this Court to reconsider in light of *Bayless v. State,* 91 S.W.3d 801(Tex.Crim.App.2002).[2] This time, we determine whether appellant waived his right of appeal and whether the trial court could give permission to appeal that overrode appellant's waiver. We again dismiss the appeal.

## Procedural History

Appellant entered his plea of no contest on October 9, 2000, with an agreement that the prosecutor would recommend an eight-year sentence. On October 27, 2000, appellant filed his *pro se* notice of appeal. On November 15, 2000, appellant filed an amended notice of appeal. The amended notice was approved and signed by the trial court, which set the appeal bond at $80,000.

## Jurisdiction

In his first point of error, appellant contends that this Court has jurisdiction to hear his appeal.

■ An appellant must give timely and proper notice of appeal in order to invoke the jurisdiction of an appellate court. *State v. Riewe,* 13 S.W.3d 408, 413–14 (Tex.Crim.App.2000), *overruled on other grounds by Bayless v. State,* 91 S.W.3d 801 (Tex.Crim.App.2002). Failure to invoke the court's jurisdiction properly will result in dismissal. *Lyon v. State,* 872 S.W.2d 732, 736–37 (Tex.Crim.App.1994).

At the time that appellant entered into his negotiated plea agreement, he was re-

---

1. *See Bradley v. State,* 45 S.W.3d 303 (Tex. App.-Houston [1st Dist.] 2001), *rev'd,* No. 934–01, 2003 WL 1743520 (Tex.Crim.App. Feb. 5, 2003) (not designated for publication).

2. *See Bradley v. State,* No. 934–01 (Tex.Crim. App. Feb.5, 2003) (not designated for publication).

quired to comply with former Texas Rule of Appellate Procedure 25.2(b)(3). *See* former TEX.R.APP. P. 25.2(b)(3), 948–49 S.W.2d (Texas Cases) XCVI (Tex.Crim. App.1997, amended 2003) (specifying method of perfecting appeal for defendant who entered plea of guilty or no contest as provision of plea bargain and whose sentence did not exceed punishment recommended by prosecutor and agreed to by defendant). The notice of appeal required that the defendant (1) specify that the appeal was for a jurisdictional defect, (2) specify that the substance of the appeal was raised by written motion and ruled on before trial, or (3) state that the trial court had granted permission to appeal. *See id.*[3]

Appellant's original *pro se* notice of appeal did not conform to the standard in former rule 25.2(b)(3). However, appellant's amended notice of appeal met the standards set forth in former rule 25.2(b)(3). Appellant's amended notice of appeal contained the following sentence:

> The Defendant further pleads and alleges that if this appeal is from a judgment rendered on a plea of guilty or *nolo contendere* that the trial court granted permission to appeal, or that if the trial court did not exceed the prosecutor's recommended punishment, that this appeal is for a jurisdictional defect, or that the substance of the appeal was raised by a **WRITTEN MOTION TO QUASH WHICH WAS DENIED** and ruled on before trial.

In *Bayless v. State*, the Court of Criminal Appeals recently held that former Rule of Appellate Procedure 25.2(d), effective at the time that appellant filed his amended notice, "specifically provides that an amended notice of appeal correcting a defect or omission in an earlier filed notice may be filed at any time before the appellant's brief is filed." *Bayless*, 91 S.W.3d at 806; *see* former TEX.R.APP. P. 25.2(d), 948–49 S.W.2d (Texas Cases) XCVI (Tex.Crim. App.1997, amended 2003).[4] *Bayless* expressly overruled an earlier Court of Criminal Appeals's opinion, *State v. Riewe*,[5] which had held that, if the time for filing a proper notice of appeal had expired, an appellant could not file an amended notice of appeal to correct jurisdictional defects. *See Bayless*, 91 S.W.3d at 806. We had relied on *State v. Riewe* in our original opinion.

Appellant filed his amended notice of appeal before he filed his brief, and that notice tracked the requirements of former rule 25.2(b)(3), including permission of the trial court and appellant's right to appeal any pretrial motion. Therefore, in light of *Bayless*, it would appear that we have jurisdiction over this appeal because appellant's amended notice of appeal was valid and timely.

■ The State nevertheless argues that appellant waived his right to appeal by signing a form Waiver of Constitutional Rights and Agreement to Stipulate. Appellant responds that the record rebuts the presumption that he waived his right to appeal by signing this form because the trial court allegedly granted him permission to appeal. *See Alzarka v. State*, 90 S.W.3d 321, 324 (Tex.Crim.App.2002)

---

**3.** Former Texas Rule of Appellate Procedure 25.2(b)(3) was recently amended, effective January 1, 2003, and the previous three methods for perfecting an appeal are no longer required. *See* TEX.R.APP. P. 25.2(b).

**4.** Texas Rule of Appellate Procedure Rule 25.2(f), effective January 1, 2003, allows an amended notice of appeal correcting a defect or omission in an earlier notice to be filed at any time before the appellant's brief is filed. TEX.R.APP. P. 25.2(f).

**5.** 13 S.W.3d 408, 413–14 (Tex.Crim.App. 2000).

(holding, "[T]he record, in which the trial judge, the district attorney, and appellant's attorney repeatedly made statements agreeing that appellant would be permitted to appeal, directly contradicts and rebuts any presumption raised by the terms of the boiler-plate plea form signed by appellant and reflects that appellant did not waive appeal."). In support, appellant relies on two aspects of his amended notice of appeal. First, appellant relies on the amended notice's recital of the language from former rule 25.2(b)(3) that he had received permission from the trial court to appeal, which notice was signed by the trial court. Second, appellant claims that the trial court demonstrated its granting of permission to appeal by signing within the amended notice orders setting an $80,000 appeal bond and appointing appellate counsel. In the appeal-bond order, the trial court purports to note and to approve the foregoing amended notice. Appellant thus claims that, under *Alzarka*, he has rebutted the presumption that he waived his right to appeal.[6]

However, these indicia of permission to appeal are ambiguous. *See Luera v. State,* 71 S.W.3d 408, 415–16 (Tex.App.-Waco 2001, pet. ref'd) (holding that the trial court's signing of an appeal-bond order and another order appointing counsel do not constitute permission to appeal). The record lacks an affirmative statement by the trial court that permission to appeal was granted. In *Blanco v. State,* the Court of Criminal Appeals, in upholding the validity of a defendant's waiver of his right to appeal, emphasized the importance of holding both parties to their bargain. *See id.,* 18 S.W.3d 218, 220 (Tex. Crim.App.2000). Therefore, attempts to

renege on a plea-bargain agreement should be scrutinized closely.

Even if the trial court had clearly given appellant permission to appeal, such permission would not necessarily rebut the presumption that appellant had waived his right to appeal or otherwise overrule appellant's waiver of his right to appeal. In *Alzarka,* the Court of Criminal Appeals had a record that clearly showed that the trial court, the prosecutor, and the defense counsel all agreed that the defendant was going to be appealing as part of the plea-bargain agreement. *See id.,* 90 S.W.3d at 323–24. Under those circumstances, the Court of Criminal Appeals noted that the language waiving Alzarka's right to appeal had been included, or had not been crossed out, by oversight. *See id.* at 324. Thus, the record sufficiently rebutted any presumption raised by the boiler-plate language in the plea form waiving Alzarka's right to appeal. *Id.* In this case, there are no similar events in the record, concurrent in time with appellant's entry of his plea of no contest, rebutting a presumption that appellant waived his right to appeal as reflected in his plea form.

We notice that appellant's plea form contained an admonishment that a defendant has a right to appeal denials of pre-trial motions. Our sister court has held that such an admonishment sufficiently rebuts whatever presumption might be raised by the boiler-plate waiver of the right of appeal found in the plea form. *See White v. State,* No. 14–01–01251–CR, slip op. at 2, —— S.W.3d ——, —— (Tex. App.-Houston [14th Dist.] Feb. 13, 2003, no pet. h.) (designated for publication). We disagree with *White* because an admonishment merely informs a defendant of his right to appeal. It logically and chro-

---

**6.** Because appellant waived his right to have a court reporter record the plea proceedings, and because we have no record of any hear-

ing on appellant's motion to quash, the only record that we can consider to rebut appellant's waiver of appeal is the clerk's record.

nologically precedes a defendant's waiver of the right to appeal. An admonishment of the right to appeal simply does not provide the type of record held in *Alzarka* sufficiently to rebut a presumption of a waiver of the right to appeal. Thus, we give no rebuttal weight to the admonishment of the right to appeal in this case.

In the absence of any other record concurrent with the entry of appellant's plea of no contest pursuant to a plea-bargain agreement, when the State and appellant agreed that appellant's punishment be assessed at eight years in prison, and when the trial court followed the agreement, we must presume that appellant's waiver of his right to appeal was part of the plea-bargain agreement. Events that came thereafter, such as the amended notice of appeal purporting to show the trial court's permission to appeal, or the trial court's setting appeal bond, or the trial court's appointing appellate counsel, cannot undo the plea-bargain agreement entered between appellant and the State and agreed to by the trial court. It would be a different matter if the trial court had signed findings of fact explicitly showing that the trial court and the parties were all in agreement, as part of the plea-bargain conditions, that appellant was not waiving his right to appeal and that the failure to cross out the boiler-plate waiver of the

right to appeal was an oversight. Such a record does not exist here, however.

Accordingly, we hold that appellant waived his right to appeal as part of the plea-bargain agreement and that, even if the trial court had later clearly given permission to appeal, that permission would have been an insufficient basis upon which to find rebuttal of appellant's waiver of appeal.[7]

Therefore, we overrule appellant's first point of error and dismiss his appeal. *See Blanco*, 18 S.W.3d at 219–20.[8] Because we must dismiss appellant's appeal, we do not reach appellant's second point of error, which challenges the trial court's denial of appellant's motion to quash the indictment.

## Conclusion

We dismiss the appeal.

---

7. The distinction between this case and those in which a defendant waives his right to appeal *after sentencing* is that, in the latter situation, a defendant must secure the permission of the trial court to appeal. *See Monreal v. State*, 99 S.W.3d 615, 617 (Tex.Crim.App. 2003) (citing *Ex parte Tabor*, 565 S.W.2d 945, 946 (Tex.Crim.App.1978)). In this case, however, the record supports only the proposition that appellant's waiver of his right to appeal was a part of the plea-bargain agreement prior to the entry of appellant's plea, well in advance of sentencing.

8. At least one opinion has made an issue of whether a waived appeal should be dismissed, rather than dismissed for want of jurisdiction.

*See Hill v. State*, 929 S.W.2d 607, 609 (Tex. App.-Waco 1996, no pet.). The terms appear to have been used synonymously, however. *See Johnson v. State*, 556 S.W.2d 816, 818 (Tex.Crim.App.1977) (dismissing an appeal after finding a notice of appeal, given after the defendant waived his right to appeal, ineffective to confer jurisdiction on the appellate court). Thus, our sister court has used the terms "dismiss for want of jurisdiction." *See Bushnell v. State*, 975 S.W.2d 641, 644 (Tex. App.-Houston [14th Dist.] 1998, pet. ref'd). This Court has used the term "dismiss." *See Buck v. State*, 45 S.W.3d 275, 278 (Tex.App.-Houston [1st Dist.] 2001, no pet.).