**Jimmie ILES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–02–01032–CR, 01–02–01033–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 29, 2004.

---

Toni Triplett, Attorney at Law, Houston, TX, for Appellant.

Charles A. Rosenthal, Jr., District Attorney–Harris County, William J. Delmore, III, Chief Prosecutor, Appellate Division, Carol M. Cameron, Assistant District Attorney, Houston, TX, for Appellee.

Panel consists of Justices NUCHIA, ALCALA, and HANKS.

## OPINION

ELSA ALCALA, Justice.

Appellant, Jimmie Iles, was charged in two indictments with aggravated robbery. The indictments included two enhancement paragraphs alleging that appellant had twice been previously convicted of felony offenses. His counsel filed motions to suppress his statement, his identification, and the fruits of the arrest. All three motions were denied by the trial court after a hearing on September 9 and September 10, 2002.[1]

On September 11, 2002, appellant pleaded guilty to aggravated robbery and true to the allegations in the enhancement paragraphs with a plea bargain agreement of 35 years' confinement in each case. Appellant signed under oath a written waiver of constitutional rights, agreement to stipulate to evidence, and judicial confession in both cases. The documents provided, among other things, that appellant waived any right of appeal if the trial court accepted the plea bargain agreement. The trial court's two pages of written admonishments· were followed by a list of eight

---

1. According to the pertinent documents in the clerk's records, the motions were denied on September 10, 2002. The second volume of the reporter's record is dated September 11, 2002, but this is an apparent error.

representations appellant made to the court. Number five was the following:

I waive my right to appeal if the Court accepts the foregoing plea bargain agreement between the prosecutor and me.

Like the "waiver of constitutional rights, agreement to stipulate to evidence, and judicial confession," this document was signed by appellant, his counsel, the prosecutor, and the trial court.

The trial court proceeded to find appellant guilty of aggravated robbery in both cases and, following the plea bargain agreement, assessed punishment at confinement for 35 years.

Appellant's counsel filed a notice of appeal in each case. The notices complied with the requirements of former Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure, in effect at that time, by specifying that the appeal was from "the denial of his Motion to Suppress." *See* TEX. R.APP. P. 25.2(b)(3)(B), 948–949 S.W.2d (Texas Cases) LXI, XCVI (Tex.Crim.App. 1997) (amended effective Jan. 1, 2003). The trial court appointed appellate counsel, ordered preparation of the reporter's record without expense to appellant, and filed written findings of fact and conclusions of law concerning the voluntariness of appellant's statement.

In a single point of error, appellant contends that the trial court erred in overruling the motions to suppress his statement, his identification, and the fruits of his arrest. The State argues that the appeals should be dismissed because appellant waived his right to appeal. Appellant's counsel did not file a reply to the State's brief. We agree with the State.

■ A waiver of the right to appeal that was made voluntarily, knowingly, and intelligently is valid and will prevent a defendant from appealing without the consent of the trial court. *Monreal v. State,* 99 S.W.3d 615, 617 (Tex.Crim.App.2003); *Ex parte Tabor,* 565 S.W.2d 945, 946 (Tex. Crim.App.1978); *Ex parte Dickey,* 543 S.W.2d 99, 100 (Tex.Crim.App.1976). Our first inquiry, then, is whether appellant's waivers of his right to appeal were made voluntarily, knowingly, and intelligently.

■ The record indicates that they were. Appellant and his counsel signed a total of four documents, two in each case, at the time of appellant's guilty pleas—all of which included an express waiver of the right to appeal if the trial court followed the plea agreement. The reporter's record of the suppression hearing contains no evidence of any intent to appeal. At the conclusion of the arguments on the motions, the court simply denied them and there was no further discussion. There is no reporter's record of the plea proceedings because, according to the docket sheets, the presence of a court reporter was waived. As stated above, the notices of appeal include the handwritten notation that appellant was appealing "the denial of his Motion to Suppress." This does not refute the voluntariness of appellant's waivers. At best, it is ambiguous. We are not willing to hold—on the basis of this recitation alone—that appellant's waivers of his right to appeal were involuntarily, unknowingly, and unintelligently made.

These appeals are therefore very different from the situation presented in *Alzarka v. State,* 90 S.W.3d 321, 323–24 (Tex. Crim.App.2002). In that case, the record was replete with references to the defendant's intent to appeal the denial of her pretrial motion, although the waiver-of-the-right-to-appeal language was included in the plea papers that the defendant signed. The Court of Criminal Appeals concluded that the failure to cross out the waiver language was an oversight, and that the record, in which the trial judge

and the parties "repeatedly made statements agreeing that appellant would be permitted to appeal," directly contradicted and rebutted any presumption raised by the terms of the plea form. *Id.* We followed the *Alzarka* case in *Garcia v. State*, 95 S.W.3d 522, 524–25 (Tex.App.-Houston [1st Dist.] 2002, no pet.), because the record clearly showed that the defendant intended to appeal the denial of his motion to suppress and that the State agreed to it, despite the waiver in the plea documents.

In the present appeals, by contrast, there is nothing in the clerk's records or the reporter's record that expressly contradicts the validity of the waivers of the right to appeal. We therefore conclude that appellant's waivers of the right to appeal were made voluntarily, knowingly, and intelligently.

■ Our second inquiry is whether the trial court consented to the appeals because the trial court's permission to appeal overrides even a valid waiver of the right to appeal. *Willis v. State*, 121 S.W.3d 400, 403 (Tex.Crim.App.2003). In that case, the Court of Criminal Appeals explained:

> [T]he trial court is in a better position to determine whether the previously executed waiver of appeal was in fact validly executed and if there is any arguable merit in appellant's desire to appeal.

*Id.*[2] *See also Monreal*, 99 S.W.3d at 617 (valid waiver of appeal prevents defendant from appealing without trial court's con-

sent); *Tabor*, 565 S.W.2d at 946 (same); *Dickey*, 543 S.W.2d at 100 (same). In the *Willis* case, the notice of appeal included a handwritten notation directly above the trial judge's signature that read, "The trial court grants permission to appeal." *Willis*, 121 S.W.3d at 401. In *Alzarka*, 90 S.W.3d at 323, the trial judge stated during the recorded plea hearing that the defendant had permission to appeal. In *Galliford v. State*, 101 S.W.3d 600, 602–03 (Tex.App.-Houston [1st Dist.] 2003, pet. ref'd), this Court held that the trial court's written order granting permission to appeal rebutted the presumption that appellant waived the right to appeal.

■ In the present cases, however, neither the clerk's nor the reporter's records include any permission to appeal by the trial court, and such may not even be implied from the trial court's actions.[3] The actions of the trial court at the time appellant's counsel filed the notices of appeal and afterward were to: (1) grant trial counsel's motion to withdraw; (2) grant appellant's request for appointed counsel on appeal and a free record in response to his pauper's affidavit; and (3) file findings of fact and conclusions of law concerning the voluntariness of appellant's statement. These actions do not amount to permission to appeal. Once appellant's counsel filed the notices of appeal, the district clerk had a mandatory duty to forward them to the proper appellate court. *See In re Wash-*

---

**2.** Before the issuance of *Willis*, we held that, even if the trial court had given permission to appeal, it would not have overridden the appellant's waiver of the right to appeal. *Bradley v. State*, 119 S.W.3d 407, 411 (Tex.App.-Houston [1st Dist.] 2003, no pet.). We now acknowledge that *Bradley* was overruled *sub silentio* by *Willis*.

**3.** This type of inquiry has now been eliminated for appeals filed after January 1, 2003 by the amendments to the Texas Rules of Appellate Procedure that became effective on that

date. Rule 25.2(a)(2) now provides that in criminal cases, the trial judge must enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. Tex.R.App. P. 25.2(a)(2). The trial judge may now certify that a defendant waived the right to appeal, or that it is a plea-bargained case, but the trial court granted permission to appeal, among other options. *See* 90–91 S.W.3d (Texas Cases) XXIV (Aug. 28, 2001).

*ington,* 7 S.W.3d 181, 183 (Tex.App.-Houston [1st Dist.] 1999, orig. proceeding); TEX. R.APP. P. 25.2(e); *see also Brown v. State,* 53 S.W.3d 734, 737 n. 5 (Tex.App.-Dallas 2001, pet. ref'd). It was then incumbent on the trial court to appoint counsel and order a free record if it found that appellant remained indigent, regardless of whether it had granted permission to appeal. *See Douglas v. California,* 372 U.S. 353, 357–58, 83 S.Ct. 814, 816–17, 9 L.Ed.2d 811 (1963); *Griffin v. Illinois,* 351 U.S. 12, 19, 76 S.Ct. 585, 590–91, 100 L.Ed. 891 (1956); *Perez v. State,* 4 S.W.3d 305, 307 (Tex.App.-Houston [1st Dist.] 1999) (order) ("This Court, not any other, retains the power to determine the existence and limits of its jurisdiction which, in certain cases ... will require a clerk's record, a reporter's record, and the services of appellate defense counsel."); *see also Lyon v. State,* 872 S.W.2d 732, 736 (Tex.Crim.App. 1994) (trial court's order granting free record did not constitute implied permission to appeal because record was clear trial court denied permission to appeal). Finally, the entry of findings of fact and conclusions of law on the voluntariness of a defendant's confession is mandated by statute, and therefore could not be indicative of permission to appeal. *Green v. State,* 906 S.W.2d 937, 938–40 (Tex.Crim. App.1995); TEX.CODE CRIM. PROC. ANN. art. 38.22, § 6 (Vernon Pamph.2004).

We are not aware of any cases in which an appellant's waiver of the right to appeal was held to have been overridden by *implied* permission to appeal. Even if implied permission were sufficient, however, we do not find any implied permission to appeal in the instant cases. To hold otherwise would mean that virtually any action taken by a trial court after the filing of a notice of appeal, even those actions mandated by law, would be interpreted as permission to appeal and would override an appellant's valid waiver of his right to appeal.

We hold that appellant's waivers of his right to appeal in the instant cases were made voluntarily, knowingly, and intelligently. We further hold that the trial court did not consent to the appeals.

We therefore order the appeals **dismissed.**