NUMBER 13-03-331-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG




EDDIE PEREZ,                                                                  Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.




On appeal from the 138th District Court
of Cameron County, Texas.




O P I N I O N

Before Justices Hinojosa, Yañez, and Castillo
Opinion by Justice Castillo

         Appellant Eddie Perez appeals his conviction for possession of less than one
gram of cocaine.


 Perez pleaded no contest pursuant to an agreement that the State
was "not opposed to community supervision" and would "remain silent on [the] issue
of deferred." After a pre-sentence investigation following Perez's plea, the trial court
sentenced him to two years confinement in the State Jail Division of the Texas
Department of Criminal Justice. We conclude that Perez's appeal is frivolous and
without merit. We affirm. 
I. BACKGROUND
         The trial court has certified that this is not a plea-bargain case, and Perez has
the right to appeal. See Tex. R. App. P. 25.2(a)(2). Perez's appellate counsel filed a
brief in which counsel concludes that the appeal is frivolous. See Anders v. California,
386 U.S. 738, 744-45 (1967). Counsel has provided a letter by which he transmitted
a copy of the brief to Perez and informed him that: (1) counsel reviewed the record
for reversible error; (2) he researched the law applicable to the facts and issues in the
appeal; (3) in his opinion, no reversible error appears, and the appeal is without merit;
and (4) Perez has the right to review the record and file a pro se brief on his own
behalf. See id.; see also High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel
Op.] 1978). More than thirty days have passed since the date of counsel's letter. 
Perez has not filed a pro se brief. 
 II. DISPOSITION
A. Anders Brief
         An Anders brief must provide references to both legal precedent and pages in
the record to demonstrate why there are no arguable grounds to be advanced. High,
573 S.W.2d at 812; Gearhart v. State, 122 S.W.3d 459, at *3-*4 (Tex. App.–Corpus
Christi 2003, no pet. h.). Counsel's brief does not advance any arguable grounds
of error, but does contain a professional evaluation of the record demonstrating
why there are no arguable grounds to be advanced. See Currie v. State,
516 S.W.2d 684, 684 (Tex. Crim. App. 1974); see also Gearhart, 122 S.W.3d
at *3-*4. With relevant citation to legal precedent and the record, counsel concludes
that the trial court fulfilled the statutory requirements for admonishments on entry of
Perez's no-contest plea to the felony indictment: (1) as to the range of punishment;
(2) of the consequences of the plea; and (3) that the trial court did not have to accept
any plea bargain. Counsel adds that the trial court thoroughly admonished Perez
before the no-contest plea. Counsel also concludes there is no evidence in the record
suggesting that Perez was not competent to enter his plea or that the plea was
involuntary. Counsel notes that the sentence assessed was within the range allowed
by law. He concludes that the trial court did not abuse its discretion when it
sentenced Perez to two years confinement in state jail. 
         Arguable grounds of error should be advanced by counsel as required by Anders,
if there are any. See Currie, 516 S.W.2d at 684; see also Gearhart, 122 S.W.3d
at *4. However, we do not interpret Anders as requiring appointed counsel to
make arguments counsel would not consider worthy of inclusion in a brief for a paying
client or to urge reversal if, in fact, counsel finds no arguable issue to appeal. See
Currie, 516 S.W.2d at 684; see also Gearhart, 122 S.W.3d at *4. We hold that
counsel's brief is not the "conclusory statement" decried by Anders. See Currie,
516 S.W.2d at 684; see also Gearhart, 122 S.W.3d at *4. 
B. Independent Review of the Record
         This is an Anders case. We independently review the record for error. See
Penson v. Ohio, 488 U.S. 75, 80 (1988); see also Gearhart, 122 S.W.3d at *6. The
record reflects that the trial court administered the proper admonishments to Perez.
Perez stated that he understood the admonishments. He acknowledged that he
knowingly and voluntarily entered the no-contest plea. After adjournment for several
weeks pending preparation of a pre-sentence investigation report, the following
proceedings took place on April 7, 2003: 
THE COURT: Mr. Perez, you appeared back on the 17th of March. 
At that time you entered your plea to the charges of the indictment. 
 
Are you ready at this time, to receive your sentence?
 
PEREZ: Yes, sir.
 
THE COURT: Anything further from the State?
 
[PROSECUTOR]: Nothing further from the State.
 
THE COURT: Anything further from the defense?
 
[DEFENSE COUNSEL]: Your Honor, based on the PSI, it calls for
probation. He has no prior felonies. And my understanding is, the
defendant does have a previous felony conviction out of the state of
Florida. He tells me that he has successfully completed his probation in
Florida. He figured it wasn't going to affect this case – or effect this
case. 
 
THE COURT: Well, it does, doesn't it?
 
[DEFENSE COUNSEL]: Yes, sir. 
 
THE COURT: Mr. Perez, I am not going to allow you to be placed
on probation. You've already been through that process once before. 
You are not going to be allowed to go through that process once again. 

I'm going to adjudicate you guilty. I am going to order that you be
sentenced to the state jail for a period of two years. 

1. The Plea Agreement
         "In a plea bargain case – that is, a case in which a defendant's plea was guilty
or nolo contendere and the punishment did not exceed the punishment recommended
by the prosecutor and agreed to by the defendant – a defendant may appeal only:
(A) those matters that were raised by written motion filed and ruled on before trial; or
(B) after getting the trial court's permission to appeal." See Tex. R. App. P. 25.2(a)(2). 
"The plain import of [former rule 25.2(b)(3)] is that appeals from plea-bargain cases
are limited to the situations set forth in the rule." Woods v. State, 108 S.W.3d 314,
at *4-*5 (Tex. Crim. App. 2003).


 Therefore, before undertaking our independent
review of the record, we first determine if the agreement in this case incorporated a
"punishment recommended by the prosecutor and agreed to by the defendant." See
Tex. R. App. P. 25.2(a)(2). 
         An agreement between the State and an accused may not necessarily include
as one of its terms an agreed punishment recommendation. Shankle v. State,
119 S.W.3d 808, 813 (Tex. Crim. App. 2003); Ramirez v. State, 89 S.W.3d 222,
225 n.4 (Tex. App.–Corpus Christi 2002, no pet.). Any concession by the State in
exchange for the accused's plea creates a plea bargain.  Ramirez, 89 S.W.3d
at 225 n.4. Only a plea bargain that incorporates an agreed recommendation as to
punishment and is accepted by the court, however, triggers restrictions on our review
power contained in rule 25.2(a)(2) of the rules of appellate procedure. Id.; see Tex.
R. App. P. 25.2(a)(2). 
         The court of criminal appeals has instructed us that there are two main
categories of plea bargains that affect punishment: (1) sentence-bargaining; and
(2) charge-bargaining. Shankle, 119 S.W.3d at 813. A recommendation for
deferred-adjudication probation is a form of sentence-bargaining. Id. In addition to the
sentence-bargaining that occurs in the more familiar form of an agreement to a finite
or definite punishment, an agreement to a punishment cap also is an "agreed
recommendation as to punishment." Threadgill v. State, 120 S.W.3d 871, 872 (Tex.
App.–Houston [1st Dist.] 2003, no pet.). Similarly, an agreement to dismiss a pending
charge, or not to bring an available charge, is charge-bargaining that effectively puts
a cap on punishment at the maximum sentence for the charge that is not dismissed. 
Shankle, 119 S.W.3d at 813. 
         The record shows that the plea agreement here did not involve any type of
sentence-bargaining or charge-bargaining that affected Perez's punishment. See id. 
The State merely agreed not to oppose community supervision and to remain silent on
the issue of deferred adjudication. The State did not agree to recommend deferred
adjudication, any finite sentence, or a sentencing cap, either in actuality or in practical
effect. We conclude that Perez pleaded no contest without the benefit of an agreed
sentencing recommendation. See id.; cf. Ditto v. State, 988 S.W.2d 236, 239 (Tex.
Crim. App. 1999) ("We hold that a plea agreement in which the State makes no
recommendation on probation or does not address it at all, but sets a cap on
punishment, is satisfied when the trial court assesses as punishment deferred
adjudication probation within the terms of the cap."). We next determine if Perez
otherwise waived any issues when he pleaded no contest to the charged offense. See
Jordan v. State, 112 S.W.3d 345, 347 (Tex. App.–Corpus Christi 2003, no pet.)
(citing Ramirez, 89 S.W.3d at 228). 
2. Pre-Sentencing Waiver of the Right to Appeal
         Our independent review of the record reveals that the clerk's record contains
Perez's signed "Written Waiver and Consent to Stipulation of Testimony, Waiver of
Jury, and Plea of No Contest." The written waiver contains the following waiver of
Perez's right to appeal: 
And I understand that the Court is not bound to accept a plea bargain
and if the Court rejects a plea bargain I may withdraw my plea of guilt;
HOWEVER, IF the Court does accept my plea bargain, I EXPRESSLY
waive all of my rights to appeal. 

         "A valid waiver of appeal, whether negotiated or non-negotiated, will prevent
a defendant from appealing without the consent of the trial court." Monreal v. State,
99 S.W.3d 615, 622 (Tex. Crim. App. 2003). However, the court of criminal appeals
also has held that pre-sentencing waivers of the right to appeal were not "valid"
because they could not, as a matter of law, be made knowingly, voluntarily, and
intelligently. Ex parte Thomas, 545 S.W.2d 469, 470 (Tex. Crim. App. 1977). The
defendant in Ex parte Thomas did not bargain for a sentencing recommendation from
the prosecution in exchange for his waiver of the right to appeal. Id. 
         The defendant in Monreal also pleaded guilty without a punishment
recommendation. Monreal, 99 S.W.3d at 616. However, a jury assessed punishment,
and the trial court rendered judgment in accordance with the jury's verdict. See id. 
Then, "for reasons not apparent from the record, [the defendant] signed a waiver of
his right to appeal and requested that he be allowed to begin serving his sentence
immediately." See id. Despite the waiver, however, he later appealed. 
         The court of criminal appeals distinguished Ex parte Thomas in Blanco v. State,
18 S.W.3d 218, 220 (Tex. Crim. App. 2000). In Blanco, after a jury convicted the
defendant but before sentencing, the defendant and the State entered into an
agreement by which the State promised to recommend a sixteen-year sentence. Id. 
In exchange, the defendant promised not to appeal his conviction. Id. The State held
to its bargain, and the trial court followed the recommendation. Id. The defendant
reneged on the deal when he appealed his conviction. Id. Thus, unlike the defendant
in Ex parte Thomas, the defendant in Blanco bargained for a sentencing
recommendation in exchange for his waiver of the right to appeal, and the trial court
honored the recommendation. Compare Blanco, 18 S.W.3d at 220, with Thomas,
545 S.W.2d at 470. 
         The defendants in both Monreal and Blanco knew at the time they waived their
rights to appeal the likely consequences of their waivers; the defendant in Thomas did
not. See Tufele v. State, No. 14-02-01271-CR, 2004 Tex. App. LEXIS 1042, at *5 
(Tex. App.–Houston [14th Dist.] Feb. 4, 2004, no pet. h.) (designated for publication). 
Here, as in Ex parte Thomas, Perez neither waived after sentencing his right to appeal
(as in Monreal) nor bargained for a sentencing recommendation in exchange for his
waiver (as in Blanco). We therefore find Perez's waiver distinguishable from those in
Monreal and Blanco. See Tufele, 2004 Tex. App. LEXIS 1042, at *5; see also Ex
parte Thomas, 545 S.W.2d at 470. 
         Moreover, the trial court has certified that Perez has the right of appeal, which
we note is consistent with a determination that the "boiler-plate" language in Perez's
plea papers is not a valid waiver of his right to appeal. See Alzarka v. State,
90 S.W.3d 321, 324 (Tex. Crim. App. 2002) (finding that record directly contradicted
and rebutted any presumption raised by terms of boiler-plate waiver of right to appeal
contained in plea papers). Further, the trial court provided a complete record to Perez
and appointed appellate counsel for him. "The trial court is in a better position to
determine whether the previously executed waiver of appeal was in fact validly
executed and if there is any arguable merit in appellant's desire to appeal." Iles v.
State, Nos. 01-02-01032-CR, 01-02-01033-CR, 2004 Tex. App. LEXIS 851, at *6
(Tex. App.–Houston [1st Dist.] Jan. 29, 2004, no pet. h.) (designated for publication) 
(quoting Willis v. State, 121 S.W.3d 400, 403 (Tex. Crim. App. 2003)). 
         We conclude that Perez's written waiver of his right to appeal is not valid. See
Smith v. State, 91 S.W.3d 407, 408-09 (Tex. App.–Texarkana 2002, no pet.) ("In the
absence of a plea agreement, and in the absence of anything in the record showing the
waiver was signed after sentencing, we are not willing to extend the reasoning of
Blanco to this situation."). We turn to a discussion of the extent to which Perez's no-contest plea without the benefit of a sentencing recommendation otherwise waived
his right to appeal. 
 3. Waiver by No-Contest Plea
a. The Effect of a No-Contest Plea
         The legal effect of a no-contest plea is the same as a guilty plea. Brewster v.
State, 606 S.W.2d 325, 329 (Tex. Crim. App. 1980). However, the defensive
posture of the accused is different. Id. In a guilty plea, an accused's stance is "I
admit my guilt of the accusation." Id. In a no-contest plea, the accused's posture is
merely, "I will not contest the accusation." Id. A plea of no contest provides a means
by which a defendant who does not wish to admit the truth of the prosecution's
evidence can still waive a trial and be convicted by the court. Stone v. State,
919 S.W.2d 424, 426-27 (Tex. Crim. App. 1996). 
b. Scope of Appellate Review Following a No-Contest Plea
Entered without the Benefit of a Sentencing Recommendation

         Because Perez pleaded no contest to the offense, he waived the right to appeal
any non-jurisdictional defects, other than the voluntariness of his plea, that occurred
before entry of the plea. See Lewis v. State, 911 S.W.2d 1, 4-5 (Tex. Crim.
App. 1995); see also Broddus v. State, 693 S.W.2d 459, 460-61 (Tex. Crim.
App. 1985). Nonetheless, if the judgment was not rendered independently of error
occurring before entry of the plea, Perez may appeal that error. See Monreal,
99 S.W.3d at 619; see also Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim.
App. 2000); Jordan, 112 S.W.3d at 347. Therefore, our independent review of the
record is limited to: (1) potential jurisdictional defects; (2) the voluntariness of
Perez's plea; (3) error that is not independent of and supports the judgment of
guilt; and (4) potential error occurring after the guilty plea. See Hawkins v. State,
112 S.W.3d 340, 344 (Tex. App.–Corpus Christi 2003, no pet.). 
(1) Jurisdictional Defects
         Our review of the record reveals that the trial court had jurisdiction over the
case. See Hawkins, 112 S.W.3d at 344 (citing Tex. Code Crim. Proc. Ann.
art. 4.05 (Vernon 2003)). We find no reversible ground of jurisdictional error. 
(2) Voluntariness
         The record reveals that the trial court properly admonished Perez before he
pleaded no contest. The court inquired of both Perez and trial counsel regarding
Perez's competency. Trial counsel also certified in writing that Perez was competent. 
Trial counsel's disclosure of the felony conviction Perez had not revealed during the
pre-sentence investigation was permitted by the Texas Disciplinary Rules of
Professional Conduct. See Tex. Disciplinary R. Prof'l Conduct 1.05(c)(8) (lawyer may
disclose client's confidential information "[t]o the extent revelation reasonably appears
necessary to rectify the consequences of a client's criminal or fraudulent act in the
commission of which the lawyer's services had been used."). The record shows that
Perez's plea was knowing and voluntary. See Hawkins, 112 S.W.3d at 344 (citing
Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998)). We find no
reversible error on voluntariness grounds. 
(3) Error Independent of Conviction
         A no-contest plea alone, like a plea of guilty, is not sufficient to support a felony
conviction under Texas law. Brewster, 606 S.W.2d at 329; see Johnson v. State,
722 S.W.2d 417, 422 (Tex. Crim. App. 1986). The State still bears the burden of
proving the guilt of the defendant by introducing sufficient evidence to support the
conviction. Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon 2003). 
         Our independent review of the record reveals that included within or attached
to Perez's written waiver and stipulation are: (1) Perez's judicial confession in the
form of his stipulation to the facts and evidence; (2) an offense report detailing the
arresting officer's discovery of a clear plastic baggie containing a white, powdery
substance during a search of Perez's pants pocket incident to his arrest for public
intoxication; and (3) a laboratory analysis showing the net weight of the substance to
be .05 grams and its composition as containing cocaine. The record reflects that Perez
filed a motion to suppress this evidence but does not indicate that the trial court either
expressly or impliedly ruled on the motion. See Tex. R. App. P. 33.1(a); see also
Gutierrez v. State, 36 S.W.3d 509, 511 (Tex. Crim. App. 2001). Accordingly, Perez
waived any complaint on appeal that his conviction was not rendered independent of,
and was supported by, any arguable error regarding admission of the evidence. See
Tex. R. App. P. 33.1(a); see also Young, 8 S.W.3d at 667; Jordan, 112 S.W.3d
at 347. We find no arguable error in the evidentiary support for the judgment of
conviction. 
(4) Sentencing Error
         A sentence outside the maximum or minimum range of punishment is
unauthorized by law and therefore illegal. Mizell v. State, 119 S.W.3d 804, 806 (Tex.
Crim. App. 2003). Unlike most trial errors, which are forfeited if not timely asserted,
a party is not required to make a contemporaneous objection to the imposition of an
illegal sentence. Id. at 806 n.6. Here, however, the sentence assessed by the trial
court was within the statutorily permissible range and, as discussed above, was based
on admissible evidence introduced at the plea proceeding. See Hawkins, 112 S.W.3d
at 345 (citing Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973)). Perez
did not object at sentencing on any basis, including abuse of discretion. We find he
waived any challenge to the sentence imposed. See Hawkins, 112 S.W.3d at 344-45
(citing Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996)). We find no
arguable error in the sentencing proceeding. 
C. Conclusion
         Accordingly, our independent review of the record confirms that Perez's appeal
is frivolous. We conclude that this appeal is without merit. We affirm the judgment
and sentence of the trial court. 
 
 
D. Motion to Withdraw
         An appellate court may grant counsel's motion to withdraw filed in connection
with an Anders brief. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim.
App. 1971); see Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) 
(noting that Anders brief should be filed with request for withdrawal from case). 
Counsel has not requested to withdraw from further representation of Perez on this
appeal. We order counsel to advise Perez promptly of the disposition of this case and
the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex.
Crim. App. 1997). We further order counsel to file any motion to withdraw within
fifteen days of the date of this opinion. 

                                                                        ERRLINDA CASTILLO
                                                                        Justice

Publish.
Tex. R. App. P. 47.2(b).

Opinion delivered and filed
this 4th day of March, 2004.