NUMBER 13-03-124-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG




JESUS “JESSE” RIOS,                                                      Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.




On appeal from the 105th District Court
of Nueces County, Texas.




MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo

Opinion by Justice Castillo

         Jesus "Jesse" Rios appeals his conviction for failing to comply with sex offender
registration requirements.


 On October 30, 2002, pursuant to an agreed punishment
recommendation, the trial court sentenced him to ten years confinement in the
Institutional Division of the Texas Department of Criminal Justice, suspended the
sentence, and placed Rios on regular community supervision for a term of five years. 
On November 13, 2002, the State filed a motion to revoke, alleging that Rios, on or
about November 2, 2002, had violated a protective order of the 117th District Court. 
Rios pleaded not true to the allegation. After a hearing, the trial court revoked Rios's
community supervision and assessed a six-year sentence. The trial court certified that
Rios has the right of appeal. See Tex. R. App. 25.2(a)(2). This appeal ensued. 
I. BACKGROUND
         Rios filed a timely motion for new trial on December 13, 2002 and notice of
appeal on February 18, 2003. On February 25, 2003, the trial court signed an "Order
on Defendant's Motion for New Trial and Appointing Counsel on Appeal." In that
order, the trial court noted that it had found Rios to be in violation of his conditions of
supervision after Rios pleaded not true to the State's allegations. The trial court 
found that Rios's motion for new trial was denied by operation of law on February 20,
2003. The trial court also found that Rios remained indigent and was entitled to
appointed counsel on appeal. Finally, the trial court appointed appellate counsel for
Rios and ordered preparation of the reporter's record on receipt of counsel's
designation of record. 
II. PROCEDURAL HISTORY
         Rios's court-appointed appellate counsel has filed a brief in which he concludes
that this appeal is frivolous. See Anders v. California, 386 U.S. 738, 744-45 (1967). 
Counsel's brief: (1) certifies that in his opinion the appeal is frivolous because the
record reflects no reversible error; and (2) certifies that he provided Rios a copy of the
brief. See id.; see also High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel
Op.] 1978); Johnson v. State, 885 S.W.2d 641, 646 (Tex. App.–Waco 1994, pet.
ref'd) (per curiam). However, appointed counsel also has a duty to inform Rios that
he is entitled to review the record himself and to file a pro se brief on his own behalf. 
See Griffin v. Illinois, 351 U.S. 12, 19 (1956); see also McMahon v. State,
529 S.W.2d 771, 772 (Tex. Crim. App. 1975). Accordingly, on December 30, 2003,
we ordered Rios's court-appointed appellate counsel to: (1) send Rios a letter
informing him of his rights to review the record and file a pro se brief; and (2) file a
copy of the letter with this Court within fifteen days. We abated the appeal. 
         Counsel then filed a copy of a letter in which he informed Rios of his rights to
review the record and to file a pro se brief. However, counsel informed Rios that he
could contact this Court to purchase a copy of the record. Because there had been no
finding of any change in his indigency status, Rios remained entitled to appointed
counsel and a free record to review before determining if he wished to file a pro se
brief. See Tex. R. App. P. 34.5(g) (providing for duplicate copy of clerk's record to be
retained by trial court clerk for parties' use in criminal cases); see also Tex. R. App.
P. 34.6(h) (providing for duplicate copy of court reporter's record to be retained by trial
court clerk for parties' use in criminal cases). Accordingly, in the interest of justice
and because of the delay in informing Rios of those rights, we supplemented our
previous abatement order and ordered Rios's court-appointed appellate counsel to: 
(1) transmit directly to Rios copies of the clerk's record and court reporter's record
filed with this Court, true and correct copies of which are available at the office of the
trial court clerk; and (2) file a copy of the letter with this Court within fifteen days. 
On the filing of a letter confirming counsel's compliance with our order, we reinstated
this appeal on January 14, 2004. 
         Rios has filed numerous pro se motions to supplement the record in this appeal
with the trial court records of the protective order proceeding. He also has asked for
additional time within which to file his pro se brief. On May 27, 2004, we denied his
pending motions to supplement the record and granted in part and denied in part his
motion to extend the time to file his pro se brief and ordered the brief filed by June 15,
2004. We ordered that no further extensions of time would be granted and that we
would consider the case on the merits after June 15, 2004. Rios has not filed a pro
se brief. We turn to the merits. 
III. DISPOSITION
A. Anders Brief
          An Anders brief must provide references to both legal precedent and pages in
the record to demonstrate why there are no arguable grounds to be advanced. High,
573 S.W.2d at 812. Counsel's brief advances one arguable issue, professionally
evaluates the record, and demonstrates why Rios's appeal is frivolous. See Currie v.
State, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974). With relevant citation to legal
precedent and the record, counsel professionally evaluates the evidence presented at
the revocation hearing. We hold that counsel's brief is not the "conclusory statement"
decried by Anders. See id. We turn to our independent review of the record as
mandated by Anders. See Penson v. Ohio, 488 U.S. 75, 80 (1988); see also Chavez
v. State, 139 S.W.3d 43, *37 (Tex. App.–Corpus Christi 2004, no pet. h.)
(publication page references not yet available). 
B. Arguable Issue
         The issue analyzed by Anders counsel asserts that the trial court arguably
abused its discretion in finding that Rios had violated the terms and conditions of his
community supervision. The record reflects that the State introduced into evidence
a copy of the protective order it alleged Rios violated. The State also produced the
complainant, who testified Rios telephoned her on November 2, 2002 and threatened
to kill her. Rios's trial counsel attempted to establish that the court in which the
protective order was pending had determined that Rios had not violated the protective
order. However, the State introduced testimony that the protective order proceeding
remained unresolved pending the outcome of the revocation proceeding. 
C. Independent Review of the Record
1. Validity of Written Waiver of the Right to Appeal
         In our independent review of the record under Anders and Penson in an appeal
following revocation of regular community supervision, we first determine if the
appellant executed a valid waiver of the right to appeal. See Escochea v. State,
139 S.W.3d 67, *32 (Tex. App.–Corpus Christi 2004, no pet. h.) (publication page
reference not yet available) (analyzing validity of written waiver in context of plea
proceeding as part of independent review of record). Our independent review reveals
that the clerk's record contains a document titled "Defendant's Statement
Understanding Admonishments" that recites the following waiver of the right to
appeal: 
I understand that, whether I plead true or nolo contendere with or
without a plea bargain agreement, I may have a limited right to appeal. 
I hereby waive any right of appeal that I may have to the judgment of the
Court. 

         "A valid waiver of appeal, whether negotiated or non-negotiated, will
prevent a defendant from appealing without the consent of the trial court." See Perez
v. State, 129 S.W.3d 282, 287 (Tex. App.–Corpus Christi 2004, no pet. h.) (quoting
Monreal v. State, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003)). However, the
admonishment form also recites that Rios was voluntarily entering a plea of true. The
court reporter's record, as well as the court's docket sheet, reflect that Rios pleaded
not true. The trial court conducted a full evidentiary revocation hearing. We conclude
that Rios did not bargain for a sentencing recommendation in exchange for his waiver. 
He was not "fully aware of the likely consequences" when he waived his right to
appeal. Perez, 129 S.W.3d at 287 (holding waiver of appeal signed before sentencing
without benefit of punishment recommendation was invalid). 
         Moreover, the trial court expressly found that Rios had the right to appointed
appellate counsel and to a record. See Alzarka v. State, 90 S.W.3d 321, 324 (Tex.
Crim. App. 2002) (finding that record directly contradicted and rebutted any
presumption raised by terms of boiler-plate waiver of right to appeal contained in plea
papers). It certified that Rios has the right of appeal. "The trial court is in a better
position to determine whether the previously executed waiver of appeal was in fact
validly executed and if there is any arguable merit in appellant's desire to appeal." Iles
v. State, 127 S.W.3d 347, 350 (Tex. App.–Houston [1st Dist.] 2004, no pet.)
(quoting Willis v. State, 121 S.W.3d 400, 403 (Tex. Crim. App. 2003)). We conclude
that Rios's written waiver of his right to appeal is not valid. See Blanco v. State,
18 S.W.3d 218, 220 (Tex. Crim. App. 2000). 
         Next, the scope of our duty under Anders and Penson to review the record
independently requires us at this time to examine the record following a revocation of
regular community supervision for: (1) any error in the revocation proceeding;
(2) jurisdictional defects; (3) any matters the trial court granted permission to appeal;
and (4) the legality of the sentence imposed as authorized by law. See Escochea,
139 S.W.3d at *33. We note that the record does not reflect that the trial court
granted Rios permission to appeal any particular issue. 
2. The Revocation Proceeding
          The terms and conditions of Rios's community supervision required that Rios
"commit no offense against the laws of this State. . . ." The motion to revoke alleged
that Rios had violated the terms of a family law protective order by communicating
directly with the complainant in a threatening or harassing manner by telephoning her
and threatening to kill her. It identified the protective order by date, court, and case
number. Violation of a family law protective order is a criminal offense in Texas.


 The
State's motion to revoke provided Rios with sufficient notice of the violation alleged
by the State and satisfied the requisites of due process. See Hawkins v. State,
112 S.W.3d 340, 344 (Tex. App.–Corpus Christi 2003, no pet.) (citing Whisenant v.
State, 557 S.W.2d 102, 105 (Tex. Crim. App. 1977)). 
         We review a trial court's revocation decision for abuse of discretion. See
Hernandez v. State, 55 S.W.3d 701, 704 (Tex. App.–Corpus Christi 2001), aff'd,
116 S.W.3d 26, 27 (Tex. Crim. App. 2003) (per curiam). Rios pleaded not true to the
allegation. The trial court conducted a full evidentiary proceeding. Rios did not testify,
although he asked the trial court for mercy before sentencing. The State introduced
evidence of the protective order at issue and testimony that Rios had violated it. After
independently reviewing the record of the revocation hearing, we conclude that the
trial court did not abuse its discretion in finding that Rios had violated a condition of
his community supervision. See id. We find no error in the revocation proceeding. 
 3. Jurisdiction
         We have reviewed the indictment. We conclude that the indictment conferred
jurisdiction on the trial court. See Hawkins, 112 S.W.3d at 344. We find no
jurisdictional error. 
 4. Legality of the Sentence
         We note that Rios did not object to his sentence on any basis, including abuse
of discretion. We conclude he waived any challenge to the sentence imposed, which
we note was less than the original ten-year term of imprisonment the trial court
assessed and suspended when it placed Rios on community supervision. See
Hawkins, 112 S.W.3d at 344 (citing Rhoades v. State, 934 S.W.2d 113, 120 (Tex.
Crim. App. 1996)). Nonetheless, a sentence outside the maximum or minimum range
of punishment is unauthorized by law and therefore illegal. Perez, 129 S.W.3d at 289
(citing Mizell v. State, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003)). Unlike most
trial errors, which are forfeited if not timely asserted, a party is not required to make
a contemporaneous objection to the imposition of an illegal sentence. Perez,
129 S.W.3d at 289 (citing Mizell, 119 S.W.3d at 806 n.6). Thus, an appellate court
that otherwise has jurisdiction over a criminal conviction may always notice and
correct an illegal sentence. Mizell, 119 S.W.3d at 806. However, the sentence here
was within the statutorily permissible range and was based on admissible evidence
introduced at the revocation proceeding. See Hawkins, 112 S.W.3d at 344 (citing
Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973)). We find no
sentencing error. 
D. Conclusion
         Having fulfilled our duty to examine the record for error independently, we
conclude that Rios's appeal is frivolous and without merit. Accordingly, we affirm the
judgment and sentence of the trial court. 
E. Motion to Withdraw
         An appellate court may grant counsel's motion to withdraw filed in connection
with an Anders brief. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim.
App. 1971); see Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) 
(noting that Anders brief should be filed with request for withdrawal from case). We
grant counsel's motion to withdraw. We order counsel to advise Rios promptly of the
disposition of this case and the availability of discretionary review. See Ex parte
Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam). 
                                                               ERRLINDA CASTILLO
                                                               Justice
Do Not Publish
Tex. R. App. P. 47.2(b).
Opinion delivered and filed
this 31st day of August, 2004.