**Opinion issued April 15, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00878-CR

————————————

**KELVIN LOUIS WEATHERS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 10-DCR-055949**

---

## MEMORANDUM OPINION

On June 13, 2013, a jury found appellant, Kelvin Louis Weathers, guilty of the state-jail felony offense of evading detention with a motor vehicle.[1] Prior to the punishment phase of trial, appellant withdrew his plea of not guilty and entered

---

[1] *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(1)(B) (West Supp. 2013).

a guilty plea in exchange for a plea-bargain agreement from the State. As part of the plea paperwork, appellant signed a document styled "Defendant's Waiver of Right to Appeal," which states: "I voluntarily waive . . . any right to appeal that I may have in this cause of action." Further, during the plea hearing, the trial court asked appellant whether he was "now waiving [his] right to appeal," to which appellant responded "yes." At the conclusion of the plea hearing, the trial court entered judgment pursuant to the plea bargain agreement and executed a certification of appellant's right to appeal stating that appellant waived the right to appeal. Nevertheless, on October 3, 2013, appellant filed a pro se notice of appeal.[2]

A notice of appeal that complies with the requirements of Rule 26 is essential to vest this court with jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). The Court of Criminal Appeals has expressly held that without a timely filed notice of appeal we cannot exercise jurisdiction over an appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Slaton*, 981 S.W.2d at 210. Here, appellant timely filed a motion for new trial on July 11, 2013, making his notice of appeal due on or before September 11, 2013. *See* TEX. R. APP. P. 26.2(a)(1), (2). Therefore, appellant's October 3, 2013 notice

---

[2] Appellant filed an "Appellant's Brief" on October 3, 2013. Because the document states that he "appeals his conviction", we construe the document as a notice of appeal. *See* TEX. R. APP. P. 25.2(c)(2).

of appeal was untimely,[3] and we have no basis for jurisdiction over this appeal. *See Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 523.

Further, an appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). The trial court's June 13, 2013 certification, which is included in the record on appeal, states that appellant waived the right of appeal. *See* TEX. R. APP. P. 25.2(a). A valid waiver of appeal prevents a defendant from appealing without the trial court's consent. *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003).

When a defendant waives the right to appeal knowing the consequences of his waiver, his waiver is made knowingly, intelligently, and voluntarily, and he may not appeal any matters unless the trial court first grants permission. *See Ex parte Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009); *Ex parte*

---

[3] The record contains no envelope or postmark date for appellant's notice of appeal, which contains no certificate of service and is not dated. *See* TEX. R. APP. P. 9.2(b), 26.2(a); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Appellant does, however, state in a later filing that his "Appellant's Brief" was "submitted on October 3, 2013," which was after the filing deadline, thereby making the "mailbox rule" inapplicable to appellant's notice of appeal. *See* TEX. R. APP. P. 9.2(b)(1)(C) (requiring notice of appeal be deposited in mail on or before last day for filing); *Campbell v. State*, 320 S.W.3d 338, 344 (Tex. Crim. App. 2010) (holding that pleadings of pro se inmates are deemed filed at time they are delivered to prison authorities). Further, appellant's notice of appeal was not received in the trial court or in this Court by September 23, 2013, as required for application of the mailbox rule. *See* TEX. R. APP. P. 9.2(b)(1) (requiring document be received within 10 days after filing deadline to be considered timely); *Taylor v. State*, No. PD-0180-13, 2014 WL 440990, at *1 (Tex. Crim. App. Feb. 5, 2014).

*Delaney*, 207 S.W.3d 794, 799 (Tex. Crim. App. 2006). Here, appellant had entered into a plea bargain agreement with the State before executing the "Waiver of Right to Appeal" and before waiving the right to appeal at the plea hearing. Therefore, appellant knew the consequences of waiving his right to appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(2) (West Supp. 2013) (granting defendant right to withdraw plea if trial court rejects plea bargain agreement); *Ex Parte Delaney*, 207 S.W.3d at 799 ("One way to indicate that the waiver was knowing and intelligent is for the actual punishment or maximum punishment to have been determined by a plea agreement when the waiver was made."); *Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000) (holding that defendant who waived right to appeal in exchange for sentencing recommendation from State knew consequences of plea and that appellant's waiver was valid); *Sims v. State*, 326 S.W.3d 707, 710 (Tex. App.—Texarkana 2010, no pet.) ("Thus, post-sentencing waivers of the right to appeal are valid, as are waivers when plea agreements have been entered."); *Iles v. State*, 127 SW.3d 347, 348–50 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (holding that waiver of right to appeal made in conjunction with plea agreement was valid). We conclude that both appellant's oral and written waivers of the right to appeal were made voluntarily, knowingly, and intelligently.

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Massengale and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).