ACCEPTED
01-15-00412-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/1/2015 10:43:37 AM
CHRISTOPHER PRINE
CLERK

# IN THE COURT OF APPEALS FOR THE FIRST COURT OF APPEALS DISTRICT

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
12/1/2015 10:43:37 AM
CHRISTOPHER A. PRINE
Clerk

## No. 01-15-00412-CR

**DEBEYON PATRICE YOUNG,**
*Appellant*

**v.**

**THE STATE OF TEXAS,**
*Appellee*

On Appeal from the 208th District Court of Harris County, TX; Trial Cause No. 1388619.

---

# APPELLANT'S MOTION TO ABATE TO DETERMINE THE EXTENT TO WHICH APPELLANT MAY APPEAL

---

**Jerome Godinich, Jr.**
TBA No. 08054700
917 Franklin, Suite 320
Houston, Texas 77002
(713) 237-8388
(713) 224-2889 FAX
*JGodinich@AOL.com*

**Attorney for Appellant
(on appeal only)**

November 30, 2015

TO THE HONORABLE JUDGES OF THE COURT OF APPEALS:

DEBEYON PATRICE YOLUNG, Appellant in the above cause, would respectfully request the Court to abate this cause and remand it to the trial court for a determination of the extent to which Appellant may appeal. In support of said motion, Appellant would show the following:

I.

This appeal stems from Appellant's conviction for aggravated robbery. (CR at 162). Appellant pleaded guilty without an agreed recommendation to the trial court and was sentenced to a term of thirty-five [35] years. (CR at 162). Appellant gave notice of appeal. (CR at 166).

II.

On 4-08-2015, the trial judge executed a, "Certification of Defendant's Right to Appeal". (CR at 159). In this certification, the trial judge indicated that the Appellant <u>waived</u> the right to appeal. On 4-20-2015, the same trial judge executed another "Certification of Defendant's Right to Appeal". (CR at 165). In this certification, the trial judge indicated that she gave Appellant <u>permission</u> to appeal.

In the present case, the two certifications of defendant's right to appeal are conflicting. *Compare Monreal v. State*, 99 S.W.3d 615, 617 (Tex. Cr. App. 2003) (A waiver of the right to appeal that was made voluntarily, knowingly, and intelligently is valid and will prevent a defendant from appealing without the consent of the trial court.); *Perez v. State*, 129 S.W.3d 282, 287 (Tex. App. - Corpus Christi 2004, no pe.) ("A valid waiver of appeal, whether negotiated or non-negotiated, will prevent a defendant from appealing without the consent of the trial court.") *with Willis v. State*, 121 S.W.3d 400, 403 (Tex. Cr. App. 2003) (trial court's permission to appeal overrides even a valid waiver of the right to appeal).

## III.

Undersigned counsel cannot determine from this record whether and to what extent Appellant may appeal and whether or not an *Anders* brief may be appropriate. This Court has the authority to abate a case to the trial court to correct errors in the record that prevent a proper consideration of the appeal. *See* TEX. R. APP. PROC. 44.4(b); *Iles v. State*, 127 S.W.3d 347, 350 (Tex. App. - Houston [1st Dist.] 2004, no pet.) ("The trial court is in a better position to determine whether the previously executed waiver of appeal was in fact validly executed and if there is any arguable merit in appellant's desire to appeal.").

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant asks this Honorable Court to grant this Motion to Abate and order the trial court to determine the extent to which Appellant may appeal.

Respectfully submitted,

By:    /s/ JEROME GODINICH, JR.
        **Jerome Godinich, Jr.**
        TBA No. 08054700
        917 Franklin, Suite 320
        Houston, Texas 77002
        (713) 237-8388
        (713) 224-2889 FAX
        *JGodinich@AOL.com*

        **Attorney for Appellant**
        **(on appeal only)**

        November 30, 2015

## CERTIFICATE OF SERVICE

I certify that a copy of this Post-Submission Brief for Appellant has been served upon the State of Texas by e-mailing a copy of same to the following parties at their respective addresses on this the 27th day of March, 2015:

ALAN CURRY
HARRIS CO. DISTRICT ATTORNEY
1201 FRANKLIN
HOUSTON, TX 77002

/s/ JEROME GODINICH, JR.
**Jerome Godinich, Jr.**